IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LLOYD THOMAS SCOTT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2723-H |
| | § | |
| RENT-WAY, TTIG, L.P., ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Defendants have filed a motion to compel discovery in this race and age discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*. At issue is the following interrogatory served on plaintiff:

> Interrogatory No. 13:
>
> For any employment sought and/or obtained at any employer after Plaintiff was separated from Defendant's employ, state the following:
>
> (a)   the full name and business address of each of the employers to whom such applications were made;
>
> (b)   the dates you made each application;
>
> (c)   if you were hired, the name of your new employer(s);
>
> (d)   the date and circumstances under which said employment terminated (if applicable), including whether you were asked to leave; and
>
> (e)   identify all documents relating to the foregoing answers.

Plaintiff timely objected to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. More particularly, plaintiff alleged that the interrogatory violated his right to privacy and might lead to retaliation by his current employer. Subject these objections, plaintiff answered that he has sought work from employers "too numerous to list here." Although plaintiff refused to identify his current employer, he disclosed that he found a full-time job in June 2004 and currently earns $41,999.88 per year. Dissatisfied with this response, defendant seeks an order compelling plaintiff to fully answer the interrogatory. The parties have briefed their respective positions in a joint status report filed on June 14, 2005, and the motion is ripe for determination.

Interrogatory No. 13 seeks only: (1) the *identity* of employers from whom plaintiff sought and/or obtained employment following his termination by defendant; (2) the *dates* of any applications for employment; (3) the *dates and circumstances* under which any subsequent employment was terminated; and (4) the *identity* of documents relating to these matters. Clearly, this information is relevant to plaintiff's efforts to mitigate his damages. Plaintiff has not shown how providing this information to defendant in a verified interrogatory answer is unduly burdensome, will invade his right to privacy, or will subject him to retaliation. Rather, plaintiff's real objection is to any attempt by defendant to obtain documents, such as his personnel file, from his current employer. This objection is premature and can be addressed if and when defendant subpoenas documents.[1]

---

[1] In an effort to avoid another discovery dispute should defendant subpoena documents from plaintiff's current employer, the court likely would limit such discovery to documents that are directly related to the issue of mitigation, such as plaintiff's salary, benefits, and other earnings. The court is not inclined to allow defendant to rummage through plaintiff's entire personnel file in hopes of finding information to impeach his credibility. *See Reynolds v. York*, 2004 WL 1490040 at *1 (N.D. Tex. Jul. 2, 2004) (Kaplan, J.) (holding that third-party subpoena served on former employer seeking personnel file and other documents that might impeach plaintiff's credibility "amounts to nothing more than a fishing expedition").

For these reasons, defendant's motion to compel is granted. Plaintiff's objections to Interrogatory No. 13 are overruled. Plaintiff shall fully answer this interrogatory, in writing and under oath, not later than **June 27, 2005.**

SO ORDERED.

DATED: June 16, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE